# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TRAVIS LEROY BALL,**  *Petitioner*,  v.  **Warden GREGORY SAMPSON,**  *Respondent*. | **CIVIL ACTION NO.**  **5:24-cv-00261-TES-CHW** |

## ORDER

Pro se Petitioner Travis Leroy Ball, a prisoner at Dooly State Prison in Unadilla, Georgia, has filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus in which he challenges his 2014 conviction for arson entered in the Superior Court of Upson County. [Doc. 1]. This matter is now before this Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, which provides that:

> [t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

A review of this Court's records reveals that the Court dismissed as untimely a § 2254 petition previously filed by Petitioner that also challenged his 2014 Upson County Superior Court conviction. *See Ball v. Sampson*, 5:23-CV-445-CAR-CHW (M.D.

Ga. July 1, 2024). Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The instant Petition [Doc. 1] is considered successive within the meaning of § 2244(b) because the Court dismissed Petitioner's previous federal habeas action in *Ball v. Sampson* as untimely under 28 U.S.C. § 2244(d). *See, e.g., Gipson v. Sec'y*, 784 F. App'x 683, 684 (11th Cir. 2019) (citation omitted) (upholding the district court's dismissal of habeas petition because the "petitioner must satisfy the requirements of 28 U.S.C. § 2244(b) after his original § 2254 petition is dismissed as untimely"); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that a "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions"). Therefore, the instant petition is successive. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) (noting that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the requirements for authorization under § 2244").

It does not appear—and Petitioner does not show—that he has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a successive habeas petition challenging his 2014 Upson

County conviction. Without such an order, this Court simply lacks jurisdiction to consider the successive claims. *See* U.S.C. § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933–34 (11th Cir. 2001) (per curiam); *Holland v. Sec'y*, 941 F.3d 1285, 1287 (11th Cir. 2019) (finding that the district court is without jurisdiction to consider a second or successive petition on the merits and must dismiss it).

Accordingly, because this Court lacks jurisdiction to consider a second habeas petition that has not been permitted by an appellate court, the Court **DISMISSES** Plaintiff's Petition [Doc. 1].[1] If Petitioner wishes to pursue another federal habeas application, he should first seek permission from the Eleventh Circuit Court of Appeals before filing any more petitions with this Court. The Clerk is **DIRECTED** to furnish Petitioner with the application form required by the Eleventh Circuit for a petitioner to seek a successive habeas petition.

**SO ORDERED**, this 1st day of August, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary.'" *Bolin v. Sec'y, Fla. Dep't of Corrs.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.